**John W. HALL**

v.

**SHEARSON LEHMAN HUTTON, INC.**

**Civ. No. S 89–323.**

United States District Court,
D. Maryland.

March 20, 1989.

Douglas R. Thomas, Thomas, Pearlstein & Essex, Beltsville, Md., for plaintiff.

Michael E. Runyon, Haggerty & Donoghue, Charles R. Mills, Lord Day & Lord, Barrett Smith, Washington, D.C., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

This is a case originally instituted by the plaintiff in the Circuit Court for Prince George's County, Maryland, alleging state-law based claims against the defendant, a securities brokerage firm. It was timely removed to this Court on diversity grounds. An amended complaint was subsequently filed, adding a federal claim under the Securities Exchange Act of 1934, as well as another state-law based claim. The defendant now has moved to compel arbitration, citing 9 U.S.C. §§ 3 and 4. The plaintiff resists the motion, arguing that he never signed the client agreement containing the arbitration clause upon which the defendant relies. Plaintiff claims by affidavit that his signature on the client agreement is a forgery; he has supported this statement by an opinion letter from a questioned documents examiner.

This Court finds that the federal securities claim is clearly arbitrable, and that this case should be stayed pending its arbitration. *See Shearson/American Express v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185, *reh'g denied,* — U.S. —, 108 S.Ct. 31, 97 L.Ed.2d 819 (1987); *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The Fourth Circuit recently reiterated the strong policy of the federal courts favoring arbitration. *Peoples Security Life Insurance Co. v. Monumental Life Insurance Co.,* 867 F.2d 809, 813 (4th Cir.1989). Furthermore, the law of this Circuit is to the effect that arbitration is appropriate even where there is a claim that the underlying agreement is void, *e.g.,* where there is a claim of fraud in the inducement of the contract containing the arbitration clause. *Id.,* at 813–14.

The question is whether the alleged forgery in this case calls for a different result from that reached in *Peoples Security.* The answer is no. The Court sees no compelling distinction between this case and other cases (like *Peoples Security* ) where the claim is one of voidness *ab initio,* such as fraud in the inducement of the transaction. A forged signature ordinarily voids a transaction just as fraudulently induced entry into the transaction voids it. The Court notes that, although the evidence before it indicates that Mr. Hall might not have personally signed the client agreement, there remain open questions regarding whether he gave implied authority to someone else to sign it for him and/or whether he ratified it, even if he did not sign it. *See, e.g., Dougherty v. Mieczkowski,* 661 F.Supp. 267, 275 (D.Del.1987) (discussing ratification). These open questions may be presented to the arbitrator under *Peoples Security.*

Although the plaintiff claims entitlement under 9 U.S.C. § 4 to an immediate trial by jury on the issue of whether he signed or otherwise made the arbitration agreement, the plaintiff's reliance on § 4 is entirely misplaced.* That statute is applicable only to a civil action commenced as a petition to

---

* Defendant also mistakenly relies on § 4 as one of the grounds for its motion.

713

compel arbitration, seeking a form of specific performance of contract, *viz.*, specific enforcement of the arbitration clause. Section 4 does *not* apply to cases such as this, which are not originally commenced by the party seeking to compel arbitration. This point was entirely and persuasively settled by the opinion in *Tepper Realty Co. v. Mosaic Tile Co.*, 259 F.Supp. 688, 691–92 (S.D.N.Y.1966).

Although plaintiffs point to several recent cases in support of their contention that § 4 applies here, this Court holds that those cases, to the extent they applied § 4 to a civil action other than one originally commenced as a petition to compel arbitration, were incorrectly decided. The Court notes, for example, that in *Russolillo v. Thomson McKinnon Securities, Inc.*, 694 F.Supp. 1042, 1044 (D.Conn.1988), the court incorrectly applied § 4 in a case like the present one, even though the circuit authority cited in support of its result was a case that was originally brought as a petition to compel arbitration, and thus was within the scope of § 4. *See Interocean Shipping Co. v. National Shipping & Trading Corp.*, 462 F.2d 673, 674 (2d Cir. 1972). An error similar to that made in the *Russolillo* case was made in the case of *Dougherty v. Mieczkowski*, 661 F.Supp. at 275 n. 5. Finally, the Court notes that the Second Circuit case of *Tehran–Berkeley Civil & Environmental Engineers v. Tippetts–Abbett–McCarthy–Stratton*, 816 F.2d 864 (2d Cir.1987), properly applied § 4, in that it was a case filed originally as a petition to compel arbitration.

For the reasons stated, the defendant's motion to compel arbitration and to stay will be granted by a separate order, which also will administratively close this case, without prejudice to the right of either party to reopen the same upon motion made within 30 days of the conclusion of the arbitration proceedings.