**Winston MONK, et al., Plaintiffs,**

v.

**PERDUE FARMS INCORPORATED, Defendant.**

**No. Civ.A. MJG–98–1477.**

United States District Court, D. Maryland.

Aug. 6, 1998.

Roger L. Gregory, Clarence N. Jenkins, Jr., Wilder & Gregory, Richmond, VA, for Plaintiffs.

Charles P. Scheeler, Kathleen A. Ellis, Quincy M. Crawford, Piper & Marbury, L.L.P., Baltimore, MD, for Defendant.

GARBIS, District Judge.

In this case, Defendant Perdue Farms, Incorporated ("Perdue") relies upon an Agreement of December 5, 1995 ("the Agreement") between itself and Plaintiff Winston Monk[1] which contains an agreement to arbitrate "any disagreement ... arising from this agreement..." Plaintiff Monk asserts that Perdue forged his signature on the Agreement and, therefore, that Perdue cannot rely upon the document.

In *Hall v. Shearson Lehman Hutton, Inc.*, 708 F.Supp. 711 (D.Md.1989), Judge Smalkin of this Court held that an allegation that a party's signature on a contract containing an arbitration clause was a forgery must be presented to the arbitrator, not to the Court. *Id.* at 712. Citing the Fourth Circuit's decision in *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809 (4th Cir. 1989) that a claim of fraud in the inducement of an underlying agreement must be resolved by an arbitrator, Judge Smalkin reasoned that so too must a claim of forgery. *Id.* Judge Smalkin stated, "A forged signature ordinarily voids a transaction just as fraudu-

1. The agreement is captioned as between Perdue and Mr. Monk alone but Mrs. Monk has signed it as a "Producer."

lently induced entry into the transaction voids it." *Id.* This Court must express a respectful disagreement with the rationale of Judge Smalkin in *Hall.*

It is axiomatic that arbitration is a matter of contract and that a "party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *American Recovery Corp. v. Computerized Thermal Imaging, Inc.,* 96 F.3d 88, 92 (4th Cir.1996) (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)). Accordingly, issues going to the "making" of an agreement to arbitrate, as opposed its enforceability, are for the Court to decide. 9 U.S.C. § 3; *Shotto v. Laub,* 632 F.Supp. 516, 521 (D.Md.1986). When a party claims fraud in the inducement of a contract, that party admits signing the agreement but argues that the agreement cannot be enforced against him. In sharp distinction, when the allegation is forgery, a party is claiming that he or she never entered into the contract containing an arbitration clause in the first place. Such a claim is for the Court to resolve prior to staying an action pending arbitration. *See, e.g., Three Valleys Municipal Water Dist. v. E.F. Hutton & Co., Inc.,* 925 F.2d 1136, 1140–42 (9th Cir.1991); *Donato v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 663 F.Supp. 669, 676 (N.D.Ill.1987); *Dougherty v. Mieczkowski,* 661 F.Supp. 267, 274–75 (D.Del.1987).

Accordingly, this Court holds that it must resolve the forgery allegation so as to decide whether or not Perdue can rely upon the Agreement and its arbitration clause.