HITCOM CORPORATION,
Plaintiff/Respondent,

v.

FLEX FINANCIAL CORPORATION
and Dwight D. Arant, Defendants/Appellants.

No. ED 75250.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 26, 1999.

Steven M. Hamburg, St. Louis, for appellant.

Thomas B. Weaver, Cynthia A. Sciuto, St. Louis, for respondent.

WILLIAM H. CRANDALL, Presiding Judge.

Defendants, Flex Financial Corp. (Flex) and Dwight Arant, appeal from the circuit court's order denying their motion to compel arbitration and stay litigation. We affirm.

Plaintiff, HitCom Corp. (HitCom), brought an action against defendants for the cancellation of stock certificates and damages. HitCom alleged in part: (1) on November 26, 1996, Flex and HitCom executed a document labeled "Agreement" that provided Flex would receive an option to purchase 300,000 shares of HitCom's common stock for successfully negotiating an agreement, on behalf of HitCom, with a Salt Lake City business; (2) Dwight Arant held himself out as the president of Flex and was its sole shareholder; (3) in February 1997, Arant began serving as HitCom's President and as a member of HitCom's Board of Directors' until he resigned in April 1997; and (4) while serving as a an officer and director of HitCom, Arant accepted on behalf of Flex two stock certificates that pursuant to a reverse stock split were exchanged for a certificate for 150,-000 shares reflecting a purported issuance to Flex of shares of HitCom common stock. In Count I, HitCom sought cancel-.

lation of the stock certificates because of a lack of consideration. HitCom alleged in this count that no agreement between Hit-Com and a Salt Lake City business was ever signed and initiated. In Count II, HitCom also sought cancellation of the stock certificates, alleging that when the "Agreement" was executed HitCom did not have a properly elected and functioning Board of Directors. In Count III, HitCom sought damages, alleging that Arant breached his fiduciary duties owed to HitCom.

Defendants filed a motion to compel arbitration and stay litigation. Defendants argued that the November 26, 1996 "Agreement" contains a binding arbitration provision. Defendants relied on Missouri's Arbitration Act or in the alternative the Federal Arbitration Act. In opposition to the motion, HitCom argued, among other things, that it challenged the validity of the "Agreement" and the court should therefore not compel arbitration until it concluded that the "Agreement" was valid. The circuit court denied defendants' motion stating as the reason that there was "a challenge to the validity of the contract." Defendants filed a counterclaim seeking, among other things, a declaration that the "Agreement" was valid and enforceable. The circuit court denied defendants' second motion to compel arbitration. This appeal followed.[1]

■ Defendants first argued in the circuit court that arbitration should be compelled under Missouri's Arbitration Act. Section 435.355.1 of Missouri's Arbitration

Act[2] provides a statutory scheme for compelling arbitration. This section provides:

> On application of a party showing an agreement described in section 435.350, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party; otherwise, the application shall be denied.

Section 435.350 provides:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract, except contracts of insurance and contracts of adhesion, to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract; provided, however, that contracts which warrant new homes against defects in construction shall not be construed to be "contracts of insurance or contracts of adhesion" for purposes of this section.

For cases where a provision in a written contract is at issue, section 435.350, by its language, is premised upon the existence of a "written contract." Accordingly, under section 435.355 the court cannot proceed summarily to determine if there is an "agreement to arbitrate" until it first determines whether there is an agreement between the parties. *See Silver Dollar*

1. Defendants argued in the circuit court that the "contract" affects interstate commerce. In its brief, HitCom states that the "Agreement" "clearly affects commerce." The Federal Arbitration Act applies to contracts evidencing transactions "involving commerce." 9 U.S.C. section 2 (1994). Because the result is the same under Missouri's Arbitration Act and the Federal Arbitration Act, we need not discuss how the two acts are analyzed. For a discussion of the interaction between Missouri's Arbitration Act and the Federal Arbitration Act, see *Reis v. Peabody Coal Co.*, 935

S.W.2d 625, 629–30 (Mo.App. E.D.1996), and *Duggan v. Zip Mail Services, Inc.*, 920 S.W.2d 200, 202–03 (Mo.App. E.D.1996). An order denying an application to compel arbitration is appealable under section 435.440.1(1) RSMo 1994, and under 9 U.S.C. section 16 (1994). *Greenwood v. Sherfield*, 895 S.W.2d 169, 172 (Mo.App. S.D.1995).

2. All subsequent statutory references are to RSMo 1994 unless otherwise indicated.

*City v. Kitsmiller Construction Co.,* 874 S.W.2d 526, 536–37 (Mo.App. S.D.1994).

In *Silver Dollar City,* the Southern District held that the trial court erred in granting a stay of arbitration sought by the plaintiff. *Id.* at 536. The Southern District reversed and remanded but did not direct the trial court to proceed with arbitration. *Id.* The Southern District noted that the plaintiff had pleaded in its petition that the contract at issue was void or revocable, and that the trial court did not reach the question of the validity of the contract. *Id.* The Southern District held that the trial court and not an arbitrator was the one to resolve the question of the validity of the contract. *Id.* (citing *St. Luke's Hospital v. Midwest Mechanical Contractors, Inc.,* 681 S.W.2d 482, 486–87 (Mo.App.1984)). The Southern District further held that if the trial court found the contract was void or unenforceable there was "obviously no valid arbitration provision" and therefore it was still possible for the plaintiff to prevail in its efforts to resist arbitration. *Id.* at 537. In a footnote, the Southern District asserted that the defendant had argued that the trial court erred in refusing to grant its motion for summary judgment which requested an order compelling arbitration. *Id.* at 536 n. 7. The Southern District stated "As explained *infra* in this opinion, there is at least one unresolved issue for the trial court to address. Whether [the defendant] is entitled to arbitration cannot be determined until the trial court resolves that issue." *Id.* In the text of the opinion immediately after the footnote, the Southern District discussed the failure of the trial court to reach the question of the validity of the contract. *Id.* at 536–37.

■ The holding in *Silver Dollar City* is applicable to the present case. HitCom challenged the validity of the "Agreement" in its petition. HitCom alleged that when the "Agreement" was executed it did not have a properly elected and functioning Board of Directors. Under Missouri's Arbitration Act, the circuit court properly denied defendants' motion to compel arbitration and stay litigation because there was a challenge to the validity of the "Agreement" in which there is an allegedly binding arbitration provision.

■ Defendants also argued in the circuit court that if the "dispute" was not subject to arbitration under Missouri's Arbitration Act, then arbitration was compelled under the Federal Arbitration Act. However, certain federal courts analyzing the Federal Arbitration Act, have reached a similar result. *See, e.g., Chastain v. Robinson–Humphrey Co.,* 957 F.2d 851 (11th Cir.1992); *Three Valleys Municipal Water District v. E.F. Hutton & Co., Inc.,* 925 F.2d 1136 (9th Cir.1991); *Monk v. Perdue Farms Inc.,* 12 F.Supp.2d 508 (D.Md.1998); *Smith Wilson Co. v. Trading and Development Establishment,* 744 F.Supp. 14 (D.D.C.1990). For example, in *Three Valleys Municipal Water District,* the plaintiffs denied the existence of the contracts containing the arbitration provisions. *Three Valleys Municipal Water District,* 925 F.2d at 1142. The court recognized that by contending they never entered into such contracts, the plaintiffs also necessarily contested any agreements to arbitrate within the contracts. *Id.* The court held that to require the plaintiffs to arbitrate where they denied they entered into the contracts was inconsistent with the first principle of arbitration, that parties cannot be required to submit to arbitration disputes that they have not agreed to submit. *Id.* (citing *AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)). We find persuasive those decisions that have held that before a court may grant a party's motion to compel arbitration, it must decide whether the agreement containing the arbitration provision is valid and legally binding. The circuit court properly denied defendants' motion to compel arbitration and stay litigation.

Affirmed.[3]

KENT E. KAROHL, J. and MARY K. HOFF, J., Concur.

3. At this stage of the proceedings, we decline Flex's suggestion that this court determine the