NO. 07-06-0389-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 20, 2008

_____

JESSIE ALLEN WILBORN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 241ST DISTRICT COURT OF SMITH COUNTY;

NO. 241-0821-06; HONORABLE JACK SKEEN, JR., JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jessie Allen Wilborn, appeals his conviction for the offense of possession of a controlled substance, namely cocaine, in an amount of less than one gram, enhanced by two prior state jail felonies. The jury assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 18 years and a $7,000.00 fine. Appellant, through three issues, contends the trial court committed reversible error by denying a Batson challenge and that the evidence is legally and factually insufficient. We affirm.

## Background

While routinely checking license plates in a motel's parking lot in Tyler, Texas, Officer Larry Christian identified a van that had been reported stolen. According to the information given the police, appellant was an employee of a company and had failed to return the company's van. A representative of the company reported that appellant was no longer authorized to be in possession of the van and requested that the van be recovered. Christian confirmed that appellant was a registered guest at the motel and requested additional officers for backup. Once backup had arrived, Christian contacted appellant in his room. Appellant answered the door and acknowledged that he had not returned the van the previous night. Christian then placed appellant in handcuffs and arrested him for unauthorized use of a motor vehicle. Because of the presence of two other persons, Christian swept the motel room for his safety. He found a cigarette package in the bathroom, that upon further investigation, contained a crack pipe. Additionally, incident to appellant's arrest, Christian searched appellant's backpack and found a scouring pad which Christian believed, based on his training and experience, was an item typically associated with illegal drug use.

After delivering appellant to the jail, Christian proceeded to submit the cigarette package, crack pipe, and scouring pad as evidence. While logging in the evidence, Christian found two crack cocaine rocks within the cigarette package. Therefore, appellant was charged with both possession of drug paraphernalia and possession of a controlled substance. Appellant later pleaded guilty to the offense of possession of drug paraphernalia, but pleaded not guilty to the possession of a controlled substance.

2

At trial, a jury convicted appellant of possession of a controlled substance, twice enhanced, and sentenced him to 18 years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $7,000. Appellant contends that the trial court erred in denying his Batson challenge and that the evidence was legally and factually insufficient to support his conviction.

Batson Challenge to the State's Use of Peremptory Strikes

Appellant contends that, during the voir dire process, the State improperly excluded several venire members solely on the basis of their race. Appellant objected to the State's use of peremptory strikes against African-American venire members contending that each of the excluded venire members were qualified and that there were no justifiable reasons for their exclusion. Hence, appellant moved for a Batson hearing arguing that the State was unconstitutionally striking these jurors based solely on their race. At the Batson hearing, the State provided race-neutral reasons for each of the contended strikes. Appellant did not rebut the explanations or attempt to cross-examine the State regarding the race-neutral explanations. The trial court found that the State's reasons were race-neutral and denied appellant's Batson challenge.

The Equal Protection Clause of the United States Constitution prohibits parties from using peremptory strikes to exclude members of a jury panel solely on the basis of race. See U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. ANN. art. 35.261 (Vernon 1989) (codifying Batson standard); Batson v. Kentucky, 476 U.S. 79, 84, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). A Batson objection to a peremptory strike is resolved by a three-step

3

process.  Purkett v. Elem, 514 U.S. 765, 767, 115 S. Ct. 1769, 131 L.Ed. 2d 834 (1995). First, "the opponent of the . . . peremptory strike must establish a prima facie case of racial discrimination."  Id. at 767.  Second, the State, in exercising the strike, must present a race-neutral explanation.  Id.  An explanation is deemed race-neutral if no discriminatory intent is inherent in the State's explanation.  Id. at 768.  See also Thomas v. State, 209 S.W.3d 268, 270 (Tex.App.—Houston [1st Dist.] 2006, no pet.). Third, if the State provides a race-neutral explanation for the challenged strikes, the opponent of the peremptory strikes must carry the burden of persuasion to show the explanation is only a pretext for race-motivated strikes. See Camacho v. State, 864 S.W.2d 524, 529 (Tex.Crim.App. 1993).

Appellant failed to challenge the State's race-neutral explanations by not cross-examining the State or offering any evidence following the State's race-neutral explanations for the peremptory strikes. See Herron v. State, 86 S.W.3d 621, 630 (Tex.Crim.App. 2002); Camacho, 864 S.W.2d at 529.  Therefore, we conclude that the trial court did not err in overruling appellant's Batson challenge to the State's use of peremptory strikes.  Appellant's first issue is overruled.

Legal and Factual Sufficiency of the Evidence

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133

4

S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 414. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. at 417. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

To prove possession of a controlled substance, the State is required to prove the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew the matter he possessed was contraband. See Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005); TEX. HEALTH & SAFETY CODE ANN. § 481.002 (38) (Vernon 2003). The evidence must establish the accused's connection with the controlled

substance was more than just fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995).

Courts have found numerous factors useful in determining whether an accused's link to a controlled substance was more than just fortuitous. Affirmative links may include, but are not limited to: (1) appellant's presence when the contraband was found; (2) whether the contraband was in plain view; (3) appellant's proximity to and accessibility of the contraband; (4) whether appellant was under the influence of narcotics when arrested; (5) whether appellant possessed other contraband when arrested; (6) whether appellant made incriminating statements when arrested; (7) whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9) whether there was an odor of the contraband present; (10) whether appellant owned or had the right to possess the place where the drugs were found; (11) whether the place the drugs were found was enclosed; (12) the amount of contraband found; (13) whether appellant possessed weapons; and (14) whether appellant possessed a large amount of cash. See Taylor v. State, 106 S.W.3d 827, 831 (Tex.App.—Dallas 2003, no pet.). It is not the number of factors present that is important but the logical force of these factors which determines whether the State's evidence links appellant to the contraband. See Gilbert v. State, 874 S.W.2d 290, 298 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd).

Appellant asserts that the bathroom was accessible to the two other persons found in the motel room and that he was not in exclusive possession of the contraband. Thus, the State was required to present evidence, direct or circumstantial, linking appellant to the contraband to establish appellant was guilty of possession. While many of the factors

6

neither support nor dispute the conclusion that appellant had possession of the controlled substance, several factors weigh against appellant. The motel room where the cocaine was found was rented to appellant. Additionally, appellant pleaded guilty to possession of the crack pipe found in the same cigarette package containing the cocaine thereby connecting appellant to the cocaine. Finally, appellant's backpack contained additional paraphernalia, the scouring pad, that also linked appellant to the cocaine. When all this evidence is viewed in the light most favorable to the verdict, as we must in a legal sufficiency review, we cannot say the jury acted irrationally when it found the evidence sufficient to convict beyond a reasonable doubt. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. Furthermore, turning to factual sufficiency, even when the evidence is viewed in a neutral light, we conclude that the jury was rationally justified in finding appellant guilty beyond a reasonable doubt. Watson, 204 S.W.3d at 415. Appellant's main argument is that there were others present in the motel room and that they also had access to the bathroom where the cocaine was found. While this assertion may be true, it only shows that appellant was not in exclusive control of the contraband. Exclusive control is not a required element of a possession charge. See Martin v. State, 753 S.W.2d 384, 386 (Tex.Crim.App. 1988). The presence of others in the motel room does not eliminate the jury's rational belief that, in light of all the evidence, appellant exercised actual care, custody, control, or management over the substance and knew the matter he possessed was contraband. Accordingly, appellant's contention regarding the insufficiency of the evidence is overruled. We overrule appellant's second issue.

Conclusion

Having overruled both of appellant's issues, the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.