

## NUMBER 13-14-00506-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

NORMA TORRES,                                                    Appellant,

v.

CITY OF CORPUS CHRISTI,                                          Appellee.

### On appeal from the County Court at Law No. 4
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Norma Torres ("Torres") filed suit against appellee City of Corpus Christi (the "City") under the Texas Tort Claims Act ("TTCA") for injuries arising out of a vehicular collision with a Corpus Christi police officer. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.055 (West, Westlaw through 2015 R.S.). The City answered the suit and later filed a plea to the jurisdiction. The trial court granted the City's plea, and this

appeal ensued. By one issue, Torres argues that the trial court erred by granting the plea to the jurisdiction, and contends in support that the City waived sovereign immunity under the Texas Tort Claims Act. We affirm.

## I.   BACKGROUND

In his deposition, Corpus Christi police officer Robert Walker stated that dispatch informed him of a fleeing stolen vehicle. He responded to the call and activated his emergency lights and sirens. According to Officer Walker, he intended to intercept and disable the fleeing vehicle at a nearby intersection by using a "spike strip." As he rounded an "S" curve in the road, Officer Walker attempted to slow his cruiser but lost control. Officer Walker admitted he was traveling faster than the posted speed limit. He explained that his police cruiser's brakes did not respond as he expected and he lost traction as he entered the curve. Officer Walker's vehicle slowed, but slid sideways and into the path of Torres's oncoming vehicle where the two vehicles collided.

Torres sustained injuries from the crash and filed suit against the City, alleging Officer Walker was negligent.[1] Alternatively, her live pleading alleges, in part, that if Officer Walker was responding to an emergency, he violated sections 545.103, 545.060, and 546.005 of the Transportation Code, as well as section 4.04(B)(3) of the Corpus Christi Police Department's General Rules Manual. She also accuses Officer Walker of operating his vehicle with conscious indifference or reckless disregard for the safety of others. In support of her recklessness allegation, Torres claims Officer Walker failed to

---

[1] Torres did not include Officer Walker as a defendant in the lawsuit.

keep a proper lookout, failed to timely apply his brakes, failed to avoid the collision, and drove at a speed greater than a reasonable prudent officer would have driven.

The City filed a plea to the jurisdiction, claiming sovereign immunity, based upon the fact that Officer Walker was responding to an emergency call and utilizing the lights and sirens on his police cruiser. Further, the City contends that Torres did not offer any evidence of Officer Walker's conscious indifference or reckless disregard for the safety of others. In support of its plea, the city submitted: (1) Officer Walker's deposition testimony; (2) Torres's deposition testimony; (3) Torres's responses to the City's request for disclosure and medical records; and (5) the accident report.

In response to the City's plea, Torres offered: (1) her amended original petition; (2) Officer Walker's deposition with exhibits; (3) Lieutenant J.C. Hooper's deposition with exhibits; (4) accident reports from two previous crashes involving Officer Walker[2]; (5) the accident report from Officer Walker's crash with Torres; (6) Lieutenant J.C. Hooper's disciplinary letter of counsel to Officer Walker[3]; (7) the City of Corpus Christi's HR 40.0 Operation of City & Personal Vehicles Driving Rules & Regulations; and (8) chapter 4 of the Corpus Christi Police Department's General Rules Manual.

The trial court granted the City's plea to the jurisdiction, and denied Torres's motions for reconsideration and new trial. This appeal followed.

## II.   PLEA TO THE JURISDICTION

---

[2] According to the accident reports, the first crash occurred when Officer Walker lost contact, and subsequently collided with, a vehicle he was pushing out of the roadway. In the second crash, Officer Walker was stopped at a traffic signal when he was hit from behind by another driver.

[3] Lieutenant Hooper's disciplinary letter noted that Officer Walker was ". . . operating a city vehicle in an unsafe manner resulting in a crash. This is a violation of CCPS General Rules Manual Section 4.40B3." Officer Walker received written counseling for his role in the accident with Torres.

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.* "Sovereign immunity deprives a trial court of jurisdiction over lawsuits in which the state or certain governmental units have been sued, unless the state consents to suit. As a result, immunity is properly asserted in a plea to the jurisdiction." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012).

In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). We assume the truth of the jurisdictional facts alleged in the pleadings unless the defendant presents evidence to negate their existence. *Miranda*, 133 S.W.3d at 226–27. "In those situations, a trial court's review of a plea to the jurisdiction mirrors that of a traditional summary judgment motion." *Garcia*, 372 S.W.3d at 635.

"Initially, the defendant carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction." *Id.* If a plea to the jurisdiction challenges the jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *City of Waco v. Kirwan*, 298

4

S.W.3d 618, 622 (Tex. 2009) (citing *Miranda*, 133 S.W.3d at 227); *see Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. If that evidence creates a fact issue regarding jurisdiction, then the case is for the fact-finder to decide on the merits. *Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227–28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228. If the defendant "asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiff, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.*

The plea should be decided without delving into the merits of the case. *Bland Ind. Sch. Dist.,* 34 S.W.3d at 554. The purpose of the plea is not to force a plaintiff to preview its case on the merits, but to establish why the merits of the claims should never be reached. *Id.* Although the issues raised by a plea to the jurisdiction often require hearing evidence, a plea to the jurisdiction does not authorize an inquiry so far into the substance of the claims presented that the plaintiff is required to put on his case simply to establish jurisdiction. *Id.* Whether a determination of subject matter jurisdiction can be made in a preliminary hearing or should await a fuller development of the merits of the case must be left to the trial court's discretion. *Id.*

### III.  DISCUSSION

By her sole issue, Torres claims the City waived sovereign immunity pursuant to section 101.021 of the Texas Tort Claims Act for the personal injuries proximately caused

by Officer Walker's negligence. Specifically, Torres argues: (1) she properly pled a statutory waiver of sovereign immunity; [4] (2) the emergency exception does not apply; (3) Officer Walker failed to comply with the law and ordinances applicable to emergency action; and (4) Officer Walker's conduct was consciously indifferent or reckless.

## A.    Applicable Law

A governmental unit is immune from both suit and liability unless its immunity has been waived. *See Tex. Dep't of Transp. v. Garza*, 70 S.W.3d 802, 806 (Tex. 2002). Under the TTCA, a governmental unit is liable and waives immunity for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

   (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

   (B) the employee would be personally liable to the claimant according to Texas law[.]

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *see id.* § 101.025.

However, a TTCA claim may not be brought against the government when the claim arises

from the action of a government employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

---

[4] It is undisputed that Officer Walker was in the course and scope of his employment at the time of collision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West, Westlaw through 2015 R.S.). Therefore, we will limit our analysis to whether Torres's remaining three arguments demonstrate a waiver of the City's sovereign immunity.

6

*Id.* § 101.055. Governmental employees who respond to emergency calls in authorized emergency vehicles, which include police vehicles, are subject to liability under the TTCA and Transportation Code if their conduct violates the laws and ordinances applicable to emergency response or is reckless. *Kaufman County v. Leggett*, 396 S.W.3d 24, 28–29 (Tex. App.—Dallas 2012, pet. denied). For the "emergency exception" to apply, there must be proof that the employee's action in responding to an emergency call was "in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance . . . the action [was] not taken with conscious indifference or reckless disregard for the safety of others." TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2).

The Transportation Code requires the operator of an emergency vehicle to operate the vehicle with appropriate regard for safety of all persons or the consequences of reckless disregard for the safety of others. *See* TEX. TRANSP. CODE ANN. §§ 546.001, 546.005 (West, Westlaw through 2015 R.S.). Section 546.005 "imposes a duty to drive with due regard for others by avoiding negligent behavior, but it only imposes liability for reckless conduct." *City of Amarillo v. Martin*, 971 S.W.2d 426, 431 (Tex. 1998) (interpreting TEX. REV. CIV. STAT. art. 6701d, § 24(b), repealed by Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 TEX. GEN. LAWS 1025 (current version at TEX. TRANSP. CODE ANN. § 546.001–.005)).

To establish liability under the TTCA, a plaintiff must show the governmental employee operated a motor vehicle with "conscious indifference or reckless disregard for the safety of others", meaning that "a party knew the relevant facts but did not care about

7

the result." *Kaufman County*, 396 S.W.3d at 29 (citing *Hartman*, 201 S.W.3d at 672 n.19; TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2)). In assessing the operator's conduct of a government vehicle when determining whether the vehicle was operated with conscious indifference or in a reckless manner during an emergency situation for purposes of the TTCA and the Transportation Code, courts may not engage in judicial second-guessing for momentary lapses in judgment by emergency personnel responding to emergency situations. *Id.*

## B. Analysis

### 1. Emergency Response

Torres argues that the emergency exception does not apply since there is a fact issue regarding whether Officer Walker was responding to an actual emergency. Torres points to Officer Walker's following deposition testimony which she claims proves he was not responding to an emergency:

| | |
|---|---|
| [TORRES'S COUNSEL]: | Okay. Do you agree that if you were driving your vehicle a little slower that day, that you could have prevented yourself from losing control and striking my client's vehicle? |
| [WALKER]: | I believe if I was driving in a safe and prudent manner that the collision would not have occurred. |
| [TORRES'S COUNSEL]: | Okay. Do you believe that you could have responded to the call in a safe and prudent manner and still been able to arrive at the location that you were trying to reach? |
| [WALKER]: | I—I don't know. |
| [TORRES'S COUNSEL]: | Okay. Looking back at everything, do you think that—that the best thing for you to have done at |

8

the time was to proceed in a safe and prudent manner so that you could safely and efficiently get to the intersection to lay down the strips, the spike strips?

[WALKER]: Yes, sir.

[TORRES'S COUNSEL]: Okay. Knowing what you know today, would you do thing differently?

[WALKER]: Yes, sir.

[TORRES'S COUNSEL]: Okay. How would you have done things differently?

[WALKER]: I—I either wouldn't have tried to get to that intersection or I would have went further to a different location further off so I'd have more time to set up the spike strips.

. . . .

[TORRES'S COUNSEL]: Do you believe that as a result of violating the rules manual you were not acting as a reasonably prudent police officer should have acted on the day of the collision?

[WALKER]: I don't believe I was driving at [sic] a reasonable and prudent manner.

Officer Walker's subjective belief that he was not driving in a reasonable and prudent manner does not change the nature of the call to which he was responding. According to his deposition testimony, Officer Walker received a call that a stolen vehicle was approaching his area. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2) (governing immunity for claims arising from a governmental employee's actions while "*responding to an emergency call*," as well as the employee's reactions to an "*emergency situation*") (emphasis added). He explained that when dispatch transmits emergency radio traffic, police officers in the district where the emergency occurs immediately

9

respond.    After receiving the call, Officer Walker attempted to intercept the fleeing vehicle at a nearby intersection.

Since the Texas Tort Claims Act does not define "emergency," we look to the ordinary plain meaning of the term.    *See Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014).    An "emergency" is an unexpected and usually dangerous situation that calls for immediate action.    *See Webster's New Twentieth Century Dictionary* (2nd ed. 1980).    A pursuit of a stolen vehicle, though sadly common, is still unexpected. Additionally, police pursuits are inherently dangerous.    Lieutenant Hooper explained in his deposition that the pursuit to which Officer Walker responded was ultimately cancelled due to safety concerns.    Viewing the evidence in the light most favorable to Torres, she did not raise a fact question disputing whether Officer Walker was responding to an emergency call.    *See City of San Antonio v. Hartman*, 201 S.W.3d 667, 672–73 (Tex. 2006) (holding emergency situation existed as matter of law under section 101.055(2) when unprecedented flooding was present and city had officially declared a disaster); *Quested v. City of Houston*, 440 S.W.3d 275, 285 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (SWAT officer was responding to emergency call when he drove to hostage situation and was involved in an accident); *Tex. Dep't of Pub. Safety v. Little*, 259 S.W.3d 236, 239 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (dispatch call requesting assistance with wanted person was an emergency call when officer testified without contradiction that law enforcement officers consider such a request to be an emergency); *see also City of Houston v. Davis*, No. 01–13–00600–CV, 2014 WL 1678907, at *5 (Tex. App.—Houston [1st Dist.] Apr. 24, 2014, no. pet.) (mem. op.) (officer was responding to

emergency situation when he pulled over car in response to a report that driver of the car had tried to run another vehicle off the road). We conclude that the record shows Officer Walker received an emergency call and responded to an emergency situation.

### 2.    Laws and Ordinances

According to Torres, the evidence is undisputed that Officer Walker failed to act in compliance with the applicable laws or ordinances that apply to an emergency situation. Specifically, Torres claims Officer Walker violated sections 546.001(3) and rule 4.04(B)(3) of the Corpus Christi Police Department's general rules manual.[5]

Section 546.001(3) allows emergency vehicle operators to exceed a maximum speed limit, except as provided by an ordinance adopted under section 545.365, as long as the operator does not endanger life or property. TEX. TRANSP. CODE ANN. § 546.001(3). Torres argues, circularly, that the accident's occurrence proves Officer Walker's operation of his vehicle endangered life or property. We disagree.

Torres offered no evidence showing Officer Walker's speed before he entered the curve and immediately before the accident.[6] Moreover, Officer Walker testified that he *did* slow down once he entered the curve, though not enough to avoid entering Torres's lane. As such, we disagree with Torres's conclusion that the collision itself demonstrates

---

[5] Torres also argues that (1) Officer Walker admitted liability for causing the collision; (2) Officer Walker admitted receiving a citation after the collision; and (3) the City's Vehicle Accident Review Board's assessed penalties against Officer Walker. She concludes, without legal authority or analysis, that each claim is sufficient to "raise a fact issue regarding the emergency exception." Torres identifies no allegedly violated statute or ordinance, but, rather, cites portions of Officer Walker's deposition testimony to support her conclusions. These arguments are inadequately briefed. *See* TEX. R. APP. P. 38.1(h); *Johnson v. Oliver*, 250 S.W.3d 182, 187 (Tex. App.—Dallas 2008, no pet.) (issue inadequately briefed when party presented no authority to support contention or argument).

[6] In his deposition testimony, Officer Walker stated that he did not know how fast he was going when he entered the curve.

a violation of the law. *See Tex. Dept. of Public Safety v. Sparks*, 347 S.W.3d 834, 842 (Tex. App.—Corpus Christi 2011, no pet.) (evidence of a collision, without more, does not demonstrate officer violated a statute).

Rule 4.04(B)(3) states that "[Corpus Christi police officers] shall operate vehicles in a safe and prudent manner at all times and will be held accountable for carelessness or negligence. Improper use or operation of a police vehicle may constitute grounds for disciplinary action." Although there is some evidence that Officer Walker's operation of his vehicle was negligent, we disagree with Torres's assertion that Rule 4.04(B)(3) governs the conduct of emergency vehicle operators. Rather, the manual's rule 4.04(B)(5) states: "Employees shall not violate the traffic laws except under emergency circumstances. Unjustified violations of any traffic law may constitute grounds for disciplinary action." Reading these two rules in conjunction, the general rules manual follows the Transportation Code regarding the operation of emergency vehicles. Having previously concluded that Officer Walker was responding to an emergency situation, his conduct was thus governed by the applicable Texas Transportation Code sections. *See* TEX. TRANSP. CODE ANN. §§ 546.001–546.005. We hold that Torres failed to provide evidence of Officer Walker's violation of any applicable laws or ordinances as applicable to emergency vehicle operators.

### 3. Reckless Conduct

According to Torres, Officer Walker's admission of his alleged failure to operate his vehicle with due regard for her safety is sufficient to raise a fact issue that his conduct violated section 546.005 of the Transportation Code.

12

Section 546.005 "imposes a duty to drive with due regard for others by avoiding negligent behavior, but it only imposes liability for reckless conduct." *Martin*, 971 S.W.2d at 431 (interpreting TEX. REV. CIV. STAT. art. 6701d, § 24(b), repealed by Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 TEX. GEN. LAWS 1025 (current version at TEX. TRANSP. CODE ANN. § 546.001–.005)).

Officer Walker's subjective belief that he operated his vehicle without "due regard" does not prove recklessness. Officer Walker testified that he activated his vehicle's lights and sirens. He explained that he recognized his speed was too fast for the curve and attempted to slow the vehicle. The cruiser did not respond to Officer Walker's braking efforts as anticipated and he was unable to effectively control his vehicle as he entered the curve. The accident report, however, indicated that both vehicles drove away from the accident. Torres's airbag did not deploy as a result of the accident and she did not request an ambulance after the collision. There is no evidence or expert testimony estimating the speed of the vehicles prior to the collision based on the amount of damage each vehicle sustained.

Torres offers no contrary evidence showing that Officer Walker made no attempt to brake as he entered the curve. Officer Walker's braking attempt prior to entering the curve demonstrates a concern for other motorists. *See City of San Angelo Fire Dept. v. Hudson*, 179 S.W.3d 695, 700–701 (Tex. App.—Austin 2005, no pet.) (emergency vehicle driver's actions demonstrated concern for motorists, precluding finding of recklessness, where driver slowed and looked both ways before entering the intersection). Indulging

13

all reasonable inferences in Torres's favor, we conclude the record does not support a finding that Officer Walker's conduct was reckless.

### 4. Summary

The evidence conclusively establishes that Torres's claim arises from Officer Walker's response to an emergency call, that Officer Walker's actions were in compliance with the laws and ordinances applicable to the emergency action, and that Officer Walker's actions were not reckless. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). Consequently, the waiver of sovereign immunity does not apply. *See Kaufman County*, 396 S.W.3d at 29. We overrule appellant's issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Delivered and filed the
1st day of September, 2016.

14