

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| RICHARD P. RINEY, | ) | No. ED111743 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 22SL-DR04487 |
| | ) | |
| MARGARET M. RINEY, | ) | Honorable Julia P. Lasater |
| | ) | |
| Respondent. | ) | Filed: March 5, 2024 |

Before Lisa P. Page, P.J., Gary M. Gaertner, Jr., J., and Angela T. Quigless, J.

## OPINION

Richard P. Riney (Husband) appeals from the order of the St. Louis County Family Court (Family Court) denying his motion to compel arbitration. Husband presents to this court a novel question of first impression regarding the effect of the Missouri Uniform Arbitration Act (MUAA), Chapter 435 RSMo (2016),[1] on the authority of the Family Court in the Dissolution of Marriage Act, Chapter 452 to determine the conscionability of an antenuptial agreement (the Agreement). We affirm.

## Background

Husband and Margaret M. Riney (Wife) entered into the Agreement on November 17, 2011, two days prior to their marriage. On September 23, 2022, Husband filed a petition for

---

[1] All further statutory references are to RSMo (2016).

dissolution of marriage. Wife filed an answer and counter-petition for dissolution and asked the Family Court to declare the Agreement unconscionable and unenforceable. On February 10, 2023, Husband filed a motion to compel arbitration, citing Section 16 of the Agreement, titled "Arbitration of Disputes," which states:

> In the event any dispute or controversy arises between the parties as to the rights or obligations of either party under the terms of this Agreement, including any such dispute or controversy incident to a petition for an Order of Separation or a Decree of Dissolution, the parties hereby agree to submit any and all such disputes and/or controversies to binding arbitration under applicable principles of law. Any and all such disputes and/or controversies shall be decided by one arbitrator selected by agreement of the parties. In the event the parties are unable to agree on one arbitrator within four (4) weeks of a party's demand to arbitrate, then each party shall select one arbitrator, and the two arbitrators so selected shall, in turn, select an arbitrator who alone shall hear and resolve the dispute or controversy.

Wife filed a response in opposition to the motion to compel and requested the court deny Husband's motion until the court determined the conscionability of the Agreement. Neither party requested the court to issue findings of fact or conclusions of law pursuant to Rule 73.01(c)[2] and the motion was submitted on the pleadings. The Family Court issued an order denying the motion without explanation. This appeal follows.

## Jurisdiction

As an initial matter, we have a duty to determine *sua sponte* whether this court has jurisdiction. *Hershewe v. Alexander*, 264 S.W.3d 717, 717-18 (Mo. App. S.D. 2008). We issued an order on June 23, 2023, requiring the parties to address whether the MUAA provides authority for an interlocutory appeal from the denial of a motion to compel arbitration in a family court matter. Wife argues this appeal should be dismissed. We disagree and find instructive the Missouri Supreme Court case *Brown v. GoJet Airlines, LLC*, 677 S.W.3d 514 (Mo. banc 2023).

---

[2] All references to Rules are to Missouri Supreme Court Rules (2023).

Section 435.440.1(1) sets forth specific statutory authority to appeal from an order denying a motion to compel arbitration pursuant to Section 435.355 which provides, in relevant part, that "[o]n application of a party showing an agreement described in section 435.350, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration . . ." Section 435.355.1. Such agreements include "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract, except contracts of insurance and contracts of adhesion . . . ." Section 435.350. As a result, "*all* arbitration agreements in Missouri, unless they are contracts of insurance or adhesion, are subject to Section 435.350 . . . ." *Brown*, 677 S.W.3d at 520 (internal citations omitted) (emphasis in original).

Here, after Wife failed to respond to his demand to arbitrate, Husband properly filed his motion to compel arbitration pursuant to the MUAA. He attached the Agreement as an exhibit claiming it was a written agreement, not a contract of insurance or adhesion, to submit controversies or disputes incident to a petition for dissolution to arbitration and that Wife had not responded. In his motion Husband demanded to arbitrate not only the dissolution, but Wife's challenge regarding the validity of the Agreement as well. Upon the Family Court's order denying the motion to compel, jurisdiction was conferred upon this court to consider Husband's appeal pursuant to Section 435.440.1(1).

## Discussion

Husband asserts two points on appeal. In his first point, he claims the Family Court erred in denying the motion to compel arbitration because the Agreement contains a valid, binding arbitration provision which requires an arbitrator to determine whether the Agreement was unconscionable, not the Family Court. In his second point, Husband argues the Family Court erred in denying his motion because there was insufficient evidence in the record to support a

finding that the Agreement was unconscionable and in turn, the arbitration provision unenforceable.

## Standard of Review

Our review of the denial of a motion to compel arbitration is *de novo*. *Johnson v. Menard, Inc.*, 632 S.W.3d 791, 794 (Mo. App. W.D. 2021). The issue of whether a dispute is subject to an arbitration agreement and if there is a valid, enforceable agreement are both also legal issues to be reviewed *de novo*. *See id.*

## Analysis

Husband assumes the Family Court found the Agreement unconscionable. We disagree. The Family Court's order did not provide any explanation for its ruling; however, neither party requested findings of fact or conclusions of law. Thus, our standard of review mandates that we hold the trial court resolved the issues in accordance with the result reached. Rule 73.01(c). In the pleadings before the Family Court, Wife's response to the motion to compel only asked the court to resolve the issue of unconscionability prior to ordering arbitration. Pursuant to Rule 73.01(c), we find that based on the record before us the Family Court agreed with her request and did not reach the issue of conscionability.[3] As a result, we cannot reach the merits of whether the Agreement is conscionable which renders moot both Husband's arguments regarding the severability clause contained in Paragraph 14 of the Agreement and his point two on appeal regarding the sufficiency of the evidence of unconscionability.

---

[3] On the same date Husband filed the notice of appeal in this case, Wife filed a motion to declare the Agreement unconscionable and unenforceable in the Family Court which Husband submitted to our record in a supplemental legal file on July 26, 2023. However, this court is limited to the record before the Family Court in making its decision regarding Husband's motion to compel arbitration. Thus, the admonition in Husband's Reply Brief that we should not consider his own supplemental legal file on appeal was not necessary. *See St. Louis Police Officer's Ass'n v. St. Louis Cnty.*, 670 S.W.3d 86, 90 (Mo. App. E.D. 2023).

In Husband's first point on appeal, he relies on the Missouri Supreme Court's decision in *Ellis v. JF Enterprises, LLC*, 482 S.W.3d 417 (Mo. banc 2016), to support his assertion that the Agreement delegates the authority of the Family Court to decide the threshold question of unconscionability to an arbitrator. However, the arbitration agreement at issue in *Ellis* stated it "shall be governed by the Federal Arbitration Act (9 U.S.C. [Section] 1 *et seq.*) and not by state law concerning arbitration," which squarely subjected the agreement to the provisions of the Federal Arbitration Act (FAA). *Id.* at 418.

In *Ellis*, the Missouri Supreme Court thoroughly analyzed over five decades of United States Supreme Court precedent which conclusively establishes that the FAA prohibits state courts from refusing to enforce an arbitration agreement on grounds the underlying contract is void under state law. *Id.* at 420-424. In all cases governed by the FAA, state courts may only refuse to enforce an arbitration agreement if the party opposing arbitration brings a "discrete" challenge to the arbitration agreement itself and not to the contract as a whole. *Id.* at 418. All other challenges to the contract, except for one to the arbitration agreement, must be decided by the arbitrator and not a court. *Id.* at 421 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967) and *Southland Corp. v. Keating*, 465 U.S. 1 (1984)). Thus, if the Agreement in this case was governed by the FAA as in *Ellis*, Husband would prevail and the issue of whether the Agreement was unconscionable would be decided by the arbitrator and not the Family Court. However, that is not the case in this matter.

Here, Missouri law and not the FAA governs the Agreement.[4] In Section 435.350 of the MUAA, an arbitration agreement will be deemed valid and enforceable "save upon such grounds

---

[4] By its plain terms, the FAA is limited to "any maritime transaction" or contracts "evidencing a transaction involving commerce . . . ." 9 U.S.C. Section 2.

as exist at *law* or in equity for the revocation of any contract." (emphasis added).[5] In fact, the *Ellis* court specifically elucidated that when, as here, a party elects not to challenge the "arbitration agreement distinct from the challenge she raises to the underlying contract," but rather argues "that – if the latter falls – the former falls with it. Under Missouri law, [she] may be right." *Ellis*, 482 S.W.3d at 419.

We find exactly such a "law" in Chapter 452 and the corresponding forty-five years of Missouri caselaw that establishes the trial court's authority as the arbiter of conscionability in agreements between parties in dissolution matters. Section 452.325.1 sets forth that upon separation or dissolution, "parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children." Subsection 2 states the terms of such agreements, except those providing for the custody, support, and visitation of children, are binding on the court "unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable." Section 452.325.2. Missouri courts have equally applied these provisions to the terms of an antenuptial agreement by holding that they are binding *unless* the court finds the agreement unconscionable. *Ferry v. Ferry*, 586 S.W.2d 782, 786 (Mo. App. W.D. 1979); *McMullin v. McMullin*, 926 S.W.2d 108, 110 (Mo. App. E.D. 1996) (citing *see* Section 452.325(2), RSMo 1994) (emphasis in original).

---

[5] Subject to this provision, grounds may exist in equity. However, we need not reach this issue because of the effect of the law as set forth in Chapter 452. *See e.g. Hitcom Corp. v. Flex Fin. Corp.*, 4 S.W.3d 618, 619-620 (Mo. App. E.D. 1999) (by its plain language, Section 435.350 is premised upon the existence of a "written agreement" under Section 435.355, thus court must first determine whether an agreement exists between the parties before ruling on a motion to compel arbitration).

In *Ferry*, one of the first cases to consider the conscionability of antenuptial agreements, the Western District held they should not be enforced unless they were entered into with free, fair, knowing, understanding, and in good faith upon full disclosure. *Ferry*, 586 S.W.2d at 786. The court further held judicial review of such agreements survived and is "implicit in the statutory directives which now govern the trial courts in property division and maintenance awards in dissolution cases." *Id*. Thus, parties may enter into a contract for the settlement of property or an antenuptial agreement incident to a dissolution such as the Agreement at issue in this matter with the understanding that, "[f]reedom of contract in property settlement is not, however, unfettered but is subject to judicial review under Section 452.325[.]2 for conscionability." *Ferry*, 586 S.W.2d at 786.

We hold these principles as set forth in Chapter 452 and as interpreted by Missouri cases fall within the gambit of Section 435.350 of the MUAA in requiring the Family Court to decide whether an arbitration agreement is conscionable as a matter of law. Therefore, because at this time the Family Court has yet to make that determination, it was not error to deny Husband's motion to compel arbitration. Point one on appeal is denied.

## Conclusion

The order of the Family Court denying Husband's motion to compel arbitration is affirmed.

_____
Lisa P. Page, Presiding Judge

Gary M. Gaertner, Jr., Judge and
Angela T. Quigless, Judge concur.